UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GILMORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF RIDGECREST, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:25-cv-01022-JLT-CDB<br><br>ORDER ON SECOND STIPULATION AMENDING SCHEDULING ORDER TO CONTINUE DEADLINE TO AMEND PLEADINGS AND/OR ADD PARTIES<br><br>(Docs. 12, 14, 15)<br><br>**February 20, 2026, Deadline** |

**Background**

Plaintiff Stephen Gilmore ("Plaintiff") initiated this action with the filing of a complaint against Defendants City of Ridgecrest and Matthew Rowland ("Defendants") on August 14, 2025. (Doc. 1). On November 13, 2025, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 12). On January 13, 2026, pursuant to the parties' stipulated request, the Court amended the scheduling order to continue the deadline to amend pleadings and/or add parties to February 11, 2026. (Doc. 14).

**Pending Stipulated Request**

Pending before the Court is the parties' second stipulated request to amend the scheduling order to continue the deadline to amend pleadings and/or add parties to February 18, 2026, filed on February 11, 2026. (Doc. 15). The parties represent that Defendants were not able to produce

any documents to Plaintiff during the parties' exchange of initial disclosures because Defendants "have reason to believe that the documents at issue could be related to an ongoing criminal investigation." *Id.* at 2. Defendants and its counsel believe that "they can determine whether … the documents are related to a criminal investigation within the next few days" while counsel for Plaintiff would like to review the relevant police reports and videos to determine whether Plaintiff will be moving to amend his complaint. *Id.* The parties therefore stipulate and request the Court continue the deadline to amend pleadings for seven (7) days. *Id.*

**Discussion**

The issue as framed by the parties in their stipulation appears to be Defendants' refusal to produce documents that Plaintiff requires to assess the need for and approach to seeking leave to amend the operative complaint. The documents at issue may be subject to an applicable privilege and the parties may agree that a protective order is warranted to facilitate production of those documents.

Accordingly, the Court will require the parties to resolve the issue of the production of the documents by a date certain, either by Defendants producing the documents, or by the parties filing a stipulated protective order to facilitate the documents' production, or, if the parties are unable to resolve the discovery issue through informal channels, by Plaintiff requesting to convene before the Court for informal discovery dispute conference (*see* Doc. 12 at 5). The deadline to amend pleadings will be adjusted accordingly.

**Conclusion and Order**

In light of the parties' representations in their stipulation (Doc. 15), and for good cause shown, it is HEREBY ORDERED that, no later than **February 20, 2026**, Defendants shall produce the documents described in the parties' stipulation (Doc. 15 at 2), or, in the alternative, the parties shall file a stipulated protective order, or, in the alternative, Plaintiff shall request to convene before the Court for informal discovery dispute conference (*see* Doc. 12 at 5).

And it is FURTHER ORDERED the scheduling order (Docs. 12, 14) is further amended to the extent of continuing the deadline to amend pleadings to **March 20, 2026**. All other case

management dates and provisions of the operative scheduling order (Docs. 12, 14) not in conflict with this order remain unchanged.

IT IS SO ORDERED.

Dated:    **February 12, 2026**

UNITED STATES MAGISTRATE JUDGE